(74 Misc. Rep. 146.)

### In re BOARD OF WATER SUPPLY OF CITY OF NEW YORK.

(Supreme Court, Special Term, Rensselaer County.   November, 1911.)

1. EMINENT DOMAIN (§ 228*)—PROCEEDINGS—COMMISSIONERS—TERM OF OFFICE.
    The term of office of commissioners appointed pursuant to Laws 1905, c. 724, to determine awards to be made for lands to be taken for an additional water supply of the city of New York, is one year, and at the end of that time new commissioners may be chosen to complete cases which have not been disposed of.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 582; Dec. Dig. § 228.*]

2. EMINENT DOMAIN (§ 231*)—PROCEEDINGS TO TAKE PROPERTY—COMMISSIONERS—TERM OF OFFICE.
    Owners of property appropriated for additional water supply for the city of New York have no statutory right to have their cases determined by the particular commissioners first chosen, but their rights are preserved where an impartial tribunal is provided.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 585–589; Dec. Dig. § 231.*]

3. EMINENT DOMAIN (§ 228*)—PROCEEDINGS TO ASSESS COMPENSATION—APPOINTMENT OF COMMISSIONERS.
    The notice required by Laws 1905, c. 724, for the appointment of commissioners in the first instance to determine the awards for lands taken for additional water supply for the city of New York by whose appointment and qualification title was instantaneously transferred to the city, is not required for the appointment of new commissioners on the expiration of the term of office of those originally appointed; the notice prescribed by the Code of Civil Procedure being sufficient.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 582; Dec. Dig. § 228.*] .

In the matter of the application of the Board of Water Supply of the City of New York to acquire real estate in the County of Ulster under Laws 1905, c. 724, and acts amendatory thereof, to provide an additional supply of pure and wholesome water for the use of the City, and to appraise damages to be paid to owners of lands taken.   Order entered.

Wm. McM. Speer and Arthur S. Barnes, for City of New York. A. T. Clearwater, for owners of parcels 800 and 801.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOWARD, J.   The question of damages as to 18 parcels of land in the Ashokan reservoir region is undetermined.   More than a year and eight months have expired since the oaths of office of any of the commissioners having jurisdiction over any of these parcels were filed. In order that these matters be cleaned up and disposed of, the corporation counsel asks that all these parcels be referred for consideration to one commission to be appointed now by the court.   He might have asked that each of the old commissions, so far as the individual members thereof are alive and available, be reappointed to complete this unfinished work; but he asserts that, in asking for one commission to consider these odds and ends of matters undisposed of, his object is economy and expedition, particularly the latter.

This motion is opposed by one of the commissioners who was appointed for section 16 and also by the owner of one parcel who has filed a claim with that commission and by one owner who has not filed a claim.

[1] The commissioner who opposes this motion does so because he construes it to be an attempt to remove the members of his commission from office and, after some preliminary remarks in his brief, he says:

"The issue is thus narrowed down to the question whether their (the commissioners') term of office has expired. *   *   *"

It being apparent to him, as it is to the court, that, if their term of office has expired, this motion cannot, though viewed from whatever angle, be considered as an attempt to remove the commissioners.

Chapter 724 of the Laws of 1905 is the statute creating and regulating these commissions.   Section 5 first mentions the subject of the duration of the commissions.   It provides that the whole territory be divided into sections no longer than can reasonably be passed upon and awards made by said commissions *within the limits of a year*.   Section 12 provides that commissions shall *without unnecessary delay* ascertain and determine the awards to be made.   Section 14 provides that, for good reasons shown, the court may extend the time eight months *for filing said report* (not for taking testimony).

The term of office of the commissioners is fixed by statute, clearly. It is one year.   For good reasons shown it may be extended eight months to enable them to file their report.   Then it ends absolutely. No contingency provided for in the statute and no power vested in the court can extend it further.   The same commissioners may, I have no doubt, upon proper application, and if the court thinks it wise, be reappointed; but that is foreign to the question under consideration, for nobody has at any time made such an application.   As has been seen, commissioners have no certain lease of life beyond one year. A request for an extension of this lease, even within the statutory limits, is addressed to the discretion of the court.   It may be granted or denied.   It would seem to be useless to reason further, were it not for the language of section 19, which says:

"Every owner or person in any way interested in any real estate taken *   *   *   shall within three years after the appointment of the commissioners of appraisal, exhibit to the said commissioners a statement of his claim and shall thereupon be entitled to offer testimony and to be heard before them

touching such claim and the compensation proper to be made him, and to have a determination made by such commissioners of appraisal as to the amount of such compensation."

This section at first glance would appear to be in conflict with the previous sections mentioned and, being a subsequent enactment, it would therefore, under the well-known law of statutory construction, if it does conflict, prevail over the prior enactments. But a careful consideration shows that it conflicts in no manner, for its only purpose is to give property owners three full years in which to file their claims, not before particular individual commissioners, but before a commission. If the commissioners first appointed have died or gone out of office, other commissioners, upon application, must be appointed. That is, the property owners must, for a certain length of time (three years), be furnished with a court; that is, the intent of the section, and, so far as our question here goes, that is the entire intent.

The fixing of a time limit to these commissions was arbitrary but not accidental. The clear purpose of the Legislature, as disclosed in several places in the statute, was to have the surface of this territory divided into sections of such narrow and convenient limits that a commission could view it, hear testimony concerning it and pass upon it "within the limits of a year." This was to hurry along the work of this vast project and avoid the danger of procrastination, a danger well known by the legislators to be grave, a danger growing out of that human tendency lurking in the breast of every commissioner to prolong so good a job indefinitely.

I therefore conclude that the term of office of these commissioners has expired, and that this is not an attempt, direct or indirect, to remove them.

[2] Counsel for the owner of parcel 801 goes further with his contention and argues that the property owners, under section 19, are accorded the right to have their claim heard before these particular commissioners. He lays emphasis upon the words in section 19, "and to have such a determination made by such commissioners of appraisal." There is no such purpose disclosed in the section, and there is no conceivable reason why it should be so; for, in contemplation of law, no commission possesses any excellency or superiority over any other commission. So long as the claimants are furnished with a court— an impartial court—the personnel thereof is of no importance. Each commissioner must be absolutely fair and impartial. Any corrupt bias, or other bias or cause, unbalancing the judicial poise of a commissioner, will result in instant removal. If, then, the claimant be supplied with an impartial tribunal, he has no grievance to present to the court and no standing to clamor for the retention of any particular commissioner.

[3] Further objection to the appointment of this commission is made because notice by handbills and advertisement has not been given as provided by section 8. The extensive, extravagant, and, to my mind, wholly unnecessary, notice provided for in this section, if it ever had any useful purpose at all, was required because the appointment of the original commissioners and the taking of their oaths of office resulted by operation of law in the instantaneous and absolute

transfer of the title of the real estate from the owner to the city. As soon as the oaths of these first commissioners were administered, the city became seised immediately and perpetually of the fee of the land. To give the owner abundant opportunity to prepare to make legal objection to this involuntary transfer of his title, this long and unusual notice was provided for. In this case the notice was given and the title has passed. Nothing remains but to fix the damages. The Legislature foresaw and provided for certain contingencies (not the exact one under consideration here) where new commissioners might have to be appointed. Knowing that the previous owner would not in such case be concerned with the passing of the fee, but only with the assessment of the damages, a much shorter and different notice was provided for. This notice is prescribed in section 12. The manner of giving notice for this particular motion and the length thereof is not prescribed in the statute. In the absence of such direction, the corporation counsel resorted to the Code for guidance, the only other place to which he could go, and gave the usual notice of motion required therein. That it was ample and fair and conforms to the law seems entirely clear to me.

It only remains to consider whether, as a matter of economy and expedition, the motion should be granted. I took the position, in an opinion which I wrote in the matter of the application of the commission appointed to assess damages to highways, that only one commission should have been provided for originally. I am yet of the same opinion; and it seems to me wiser that all these odds and ends of unfinished business be narrowed down to one commission, rather than to rejuvenate and bring back into being all these various commissions. That one of the parcels to be considered is a large and important claim in no way varies the situation, for the smallest claim must receive the same consideration as the largest one.

The motion is granted, and the various parcels are all referred to the commission recently appointed by me to try the claim sent back for reconsideration in section 10.

Ordered accordingly.