### In re BOARD OF WATER SUPPLY OF CITY OF NEW YORK (ASHOKAN RESERVOIR).

(Supreme Court, Special Term, Columbia County. January 18, 1913.)

EMINENT DOMAIN (§ 228*)—PUBLIC WATER SUPPLY—ESTABLISHMENT BY MUNICIPAL AUTHORITIES—ACQUISITION OF LAND—STATUTORY PROVISIONS.

Under section 14 of Laws 1905, c. 724, relative to providing a water supply for New York City and acquiring lands therefor, which provides that the report of the commissioners of appraisal shall be filed not more than one year after the date of filing their oaths, but that the Supreme Court upon good reason shown may extend the time for filing beyond one year for a period not exceeding eight months, a vacancy in a commission would not be filled where the time intervening before the ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

piration of twenty months from the filing of the oaths of the original commissioners was too brief for a new commissioner to properly perform and conclude his duties.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 582; Dec. Dig. § 228.*]

Proceeding by the Board of Water Supply of the City of New York to acquire real estate. On application by Waldo G. Morse and another, commissioners of appraisal, for the appointment of an additional commissioner to fill a vacancy. Application denied.

O'Gorman, Battle & Marshall, of New York City, for claimants.
Frank Cochrane, of New York City, for commissioners.
Wm. McM. Speer, of New York City (J. C. Meyers, of counsel), for City of New York.

COCHRANE, J. In 74 Misc. Rep. 146, 134 N. Y. Supp. 36, it was held by Mr. Justice Howard that the terms of commissioners of appraisal expire one year and eight months from the time of filing their official oaths. The oaths of the present commissioners were filed July 6, 1911, and under the authority cited their terms will expire March 6, 1913. An order appointing a commissioner to fill the vacancy herein would necessarily be dependent on another order of the court granting an extension of eight months after one year, under section 14 of chapter 724 of the Laws of 1905. It would be useless, however, to grant such order of extension, if for any reason the work of the commission could not be completed and their report filed within the time required.

The court should not make a useless or futile order. It seems quite clear that the intervening time between now and March 6th next is too brief for a new commissioner to properly perform and conclude his duties within that period. At least there is too much doubt as to his ability to do so properly. The counsel for the city in his affidavit says:

"The city is unwilling to stipulate before a new commissioner the testimony already taken, since the city must insist upon all the commissioners who are to pass upon this claim seeing and hearing the expert witnesses, that they may judge of their qualifications and credibility. * * * The questions of law involved in this case are important. The amount of damages testified by claimants' witnesses is in excess of $1,000,000."

It seems to me, therefore, unwise to appoint a commissioner at this late date. The present commissioners are not responsible for the vacancy, and have moved at the earliest opportunity under section 12 of the act after the vacancy occurred; but, for the reason stated, I think the application should be denied.